UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13426-PBS

JEANETTE ANN WEAVER-SERGILE,
Plaintiff,

v.

BLUE MOUNTAIN HOMES LLC, et al.,
Defendant.

MEMORANDUM AND ORDER

STEARNS, D.J.

For the reasons set forth below, the Court (1) denies the plaintiff's motion for leave to proceed in forma pauperis; and (2) dismisses this action.

I.     Background

On August 21, 2014, Jeanette Ann Weaver-Sergile filed a self-prepared complaint, motion for leave to proceed in forma pauperis, and an emergency motion for an order preventing the defendants from evicting her on August 22, 2014.

In the complaint, the plaintiff indicates that she has been involved in litigation with the defendants in the courts of the Commonwealth of Massachusetts concerning her interest in the real property situated at 48 Hillside Avenue in Lynn, Essex County, Massachusetts. The exhibits to her complaint indicate that the state housing court (docket # 13H77SP03096) entered a judgment evicting her from the property and that on August 13, 2014, the Essex Superior Court also found that she did not have a possessory interest in said property and that her continued occupancy of the property constituted an illegal trespass. The court ordered that Weaver-Sergile vacate the premises on or before August 16, 2014 at 5pm. The court also ordered that in the event Weaver-Sergile did not vacate the premises by that date, Blue Mountain Homes LLC would be "entitled to have [Weaver-Sergile] and those residing with her or claiming any interest in said premises through her physically removed as trespassers upon said premises by the Lynn Police Department or Essex Deputy Sheriffs." Compl. Ex. at 2-3 (docket entry #1-1 at 2-3)

(8/13/2014 docket sheet of <u>Blue Mountain Homes LLC v. Sergile</u>, ESCV2014-00847 (Essex Superior Court)). The docket also indicates that the same day, Weaver-Sergile filed a "Challenge of Jurisdiction and Fraud, Challenge of Subject Matter" with the Superior Court. She indicates in her complaint that there has been no response to this filing. In her emergency motion, the plaintiff represents that she is going to be evicted from the property tomorrow morning by law enforcement.

In the body of the complaint, the plaintiff purports to bring a "criminal complaint" under 22 C.F.R. § 93.1-93.2, 28 U.S.C. § 1330, the Eleventh Amendment to the United States Constitution, and claims for "Challenge of Jurisdiction not Answered" and "Estoppel of All Actions till Jurisdiction is Answered." She appears to claim that she was denied due process in the state court proceedings, that her name is being unlawfully used, and that laws and regulations concerning the filing of lawsuits against a foreign state and other actions in the United States were not followed in the state court proceedings. Portions of her complaint are very difficult to comprehend.

## II. Discussion

### A. Motion for Leave to Proceed In Forma Pauperis

Although the plaintiff represents that she is without income or assets, the Court must deny the motion because the plaintiff did not sign it.

### B. The Complaint and the Emergency Motion

The Court will dismiss the complaint and deny the emergency motion because the plaintiff has not set forth any basis for the Court to interfere with the state court action. To the extent that the Court even has jurisdiction to consider a legal claim that would stop the execution of a state court judgment, the plaintiff has not set forth any cognizable claim for relief. The statutes and regulations that she cites are irrelevant and indicate a misunderstanding of the relationship between state and federal law and their respective judicial systems. Further, the plaintiff's allegations of fraud and misconduct are entirely conclusory.

In addition, it does not appear that the Court has jurisdiction to entertain her claims. To the extent that she is asking the Court to interfere in ongoing state court proceedings, the Court will abstain from exercising jurisdiction. See Esso Standard Oil Co. v. Lopez–Freytes, 522 F.3d 136, 143 (1st Cir.2008) ("In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings.") To the extent that she is challenging a final judgment of a state court, this Court is without jurisdiction entertain such a claim. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (district courts cannot exercise appellate jurisdiction over state court judgments).

## III. Conclusion

Accordingly:

1. The motion for leave to proceed in forma pauperis is DENIED.

2. This motion for emergency relief is DENIED.

3. This action is DISMISSED.

SO ORDERED.

 8/21/2014                                         /s/ Richard G. Stearns
DATE                                               UNITED STATES DISTRICT JUDGE